UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL RUFFIN,

    Plaintiff,

v.                                                    Case No.  3:16cv290/LC/CJK

M. POUPARINAS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  Upon review of plaintiff's complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

    Plaintiff is an inmate of the Florida Department of Corrections, currently confined at Columbia Correctional Institution.  (Doc. 1, p. 2).  Plaintiff is suing two health care providers at Century Correctional Institution in their official capacities, claiming that the medical department's policy concerning the provision and replacement of eyeglasses violates the Eighth Amendment.  (*Id*., pp. 2-7).  As relief, plaintiff seeks injunctive relief and compensation for pain and suffering.  (*Id*., p. 7).

*Page 2 of 6*

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 4) (emphasis in original; footnote added).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes".  (*Id.*).  Plaintiff then disclosed several state postconviction motions and federal habeas cases.  (*Id.*, p. 4 and Attach.).

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in this action.  Plaintiff marked "No" and disclosed no cases.  (Doc. 1, p. 3).  Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action.  Plaintiff marked "No" and disclosed no cases.  (*Id.*).

Case No. 3:16cv290/LC/CJK

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed."  (Doc. 1, p. 4) (emphasis in original).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No" and disclosed no cases.  (*Id*.).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**"  (Doc. 1, p. 7) (emphasis in original).  Thus, plaintiff has, in effect, stated that at the time he filed his complaint, he had not initiated any other action in federal court that related to the fact of his incarceration or that was dismissed prior to service.  Plaintiff's complaint was signed on June 14, 2016.  (Doc. 1, p. 7).

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  In light of 28 U.S.C. § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The

time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case, plaintiff had initiated two previous lawsuits in this court that required disclosure. *See Ruffin v. Freeman-Lohan*, Case No. 4:09cv325-SPM-WCS (federal civil rights action for malicious prosecution against assistant state attorney who prosecuted plaintiff for his crimes; dismissed on October 20, 2009, under 28 U.S.C. § 1915(e)(2)(B)(iii), prior to service); *Ruffin v. Brown*, Case No. 4:09cv326-RH-AK (federal civil rights action for false arrest and malicious prosecution against police officer who investigated and arrested plaintiff for his crimes; dismissed on January 19, 2010, prior to service, for failure to comply with a court order). Both cases may be positively identified as having been filed by plaintiff, because they bear his name and Florida Department of Corrections' inmate number, DC #970820. Plaintiff did not disclose either of these prior federal actions despite the complaint form's clear instructions.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of July, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.